## TALLMADGE *vs.* TELLER.

*Orders* made by the judges of the New-York common pleas, or by the recorder of New-York, in suits pending in this court, are made by them *as supreme court commissioners,* and consequently under the 95th general rule of this court, a *second order for time* made by either of them may be treated as a nullity.

It is not necessary, in an order made by those officers, to state that the order was made in the absence or during the sickness of the circuit judge of the first circuit; the fact will be intended.

MOTION to set aside default and subsequent proceedings, for irregularity, and also on the ground of merits. The declaration was served on the 24th June last. The time for pleading was first enlarged by consent; an order for further time was then made by Judge Ulshoeffer, of the New-York common pleas, *in the absence of the circuit judge;* and subsequently a *further* order was made by Judge Inglis, of the New-York common-pleas, *without stating the*

*absence of the circuit judge.* The plaintiff disregarded the last order, entered the defendant's default, and proceeded to judgment.

*H. H. Martin,* for the defendant, to show that judge Inglis had authority to make the order, cited *Statutes of* 1832, *p.* 189, § 6; 1834, *p.* 118, § 5; and 1839, *p. 96, chap.* 116, § 2.

*W. Parmelee,* for the plaintiff, insisted that the order might be disregarded, first, because it did not purport to be made in the absence of the circuit judge ; and second, because the 95th rule provides that " if a second order for time shall be made by a *supreme court commissioner,* the plaintiff may treat the same as a nullity."

*Martin,* in reply, said Judge Inglis stood *in the place of the circuit judge,* and did not act as a *supreme court commissioner* in making the order.

*By the Court,* BRONSON, J. The sixth section of the act of 1832 provides, that " no person acting as a supreme court commissioner in the city of New-York, shall be authorized to make any order or do any act relative to suits pending in the supreme court; but *in the absence from the city of New-York, or sickness of the circuit judge* of the first circuit, such duties may be performed by the *first judge* of the common pleas, or the *recorder* of the city." By the acts of 1834 and 1839, the same powers that may be exercised by the first judge are conferred on the *associate* judges of common pleas.

Although the fact is not stated in the order of Judge Inglis, it is but a reasonable intendment that the circuit judge was absent or sick at the time the order was made.

II. Judge Inglis was not the representative of the circuit judge in making the order; he acted as a *supreme court commissioner.* 2 *R. S.* 281, § 32. And the 95th rule is general, that a second order for a time to plead made by a supreme court commissioner may be treated as a nullity. The act of 1832 does not confer any new powers on the

judges of the New York common pleas, and the recorder of the city ; it only suspends the exercise of powers which they before possessed, during the time that the circuit judge is in the city, and able to discharge his duties. The plaintiff was therefore regular ; but as there is an affidavit of merits, the defendant must be relieved on the usual terms.

Ordered accordingly.